IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH DAVIS,<br>　　Plaintiff,<br>　　v.<br>COMBINED INSURANCE,<br>　　Defendant. | Case No. 17-cv-02655-MMC<br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br>Re: Dkt. No. 39 |

　　Before the Court is defendant Combined Insurance's ("Combined") Motion to Dismiss, filed February 7, 2018. Plaintiff Keith Davis ("Davis") has filed opposition, to which Combined has replied. The Court, having read and considered the papers filed in support of an in opposition to the motion, deems the matter appropriate for determination on the parties' respective written submissions, hereby VACATES the hearing scheduled for March 16, 2018, and rules as follows.

　　The initial complaint in the above-titled action was filed on May 8, 2017, alleging a single cause of action for breach of contract, specifically, Combined's denial of Davis's claim for death benefits under an insurance policy written by Combined. On August 2, 2017, Davis filed a First Amended Complaint ("FAC"), again alleging a single cause of action for the same asserted breach. By order filed January 10, 2018, the Court found the "insurance policy at issue does not afford death benefits," dismissed Davis's cause of action for breach of contract, and afforded Davis leave to plead, if he could do so, a claim based on representations made by Combined's agent. (See Order, filed January 10, 2018, at 1:20-26.)

　　On January 26, 2018, Davis filed a Second Amended Complaint ("SAC"), in which

he asserts the following three causes of action: (1) "Breach of Contract"; (2) "Misrepresentation"; and (3) "Fraud". By the instant motion, Combined moves to dismiss the SAC in its entirety.

First, as Combined points out, Davis was not afforded leave to amend to reassert his cause of action for breach of contract. (See id. at 1:23 (dismissing breach of contract claim without leave to amend).)

Accordingly, to the extent Combined seeks dismissal of Davis's claim for breach of contract, the motion is hereby GRANTED and said cause of action is hereby DISMISSED.

Combined next argues that each of the two remaining causes of action is barred by the applicable statute of limitations. See Butcher v. Truck Ins. Exch., 77 Cal. App. 4th 1442, 1470 (Cal. Ct. App. 2000) (holding two-year statute of limitations applies to negligent misrepresentation claims); Ivanoff v. Bank of Am., N.A., 9 Cal. App. 5th 719, 734 (Cal. Ct. App. 2017) (holding fraud claims "governed by" three-year statute of limitations). As set forth below, the Court agrees.

Davis's misrepresentation and fraud claims are based on his allegation that, at the time he purchased the policy here at issue, Combined's agent falsely told him the policy provided death benefits. Combined denied Davis's claim for death benefits on April 3, 2014 (see SAC at 1:26-27), on the express ground that the policy "does not provide any death benefits" (see FAC Ex. B); see also Rodriguez v. Sony Computer Entm't Am., LLC, 801 F.3d 1045, 1054 (9th Cir. 2015) (holding allegations made in amended complaint must be "consistent with the [prior] pleading") (internal quotation and citation omitted); Sharp v. Fresno Cty. Jail, No. 15-CV-0001-DLB, 2015 WL 6689915, at *4 (E.D. Cal. Oct. 28, 2015) (holding plaintiff "cannot omit prior factual allegations in an attempt to state a claim" in amended pleading). Such denial was sufficient to put Davis on inquiry notice as to the falsity of the statements he alleges were made by Combined's agent regarding coverage, and, consequently, Davis's misrepresentation and fraud claims accrued more than three years before the instant action was filed. See Kline v. Turner, 87 Cal. App. 4th

2

1369, 1374 (Cal. Ct. App. 2001) (holding cause of action accrues and statute of limitations begins to run on date plaintiff has information that would put reasonable person on "inquiry" notice). Thus, assuming, <u>arguendo</u>, Davis's misrepresentation and fraud claims relate back to the date on which Davis filed his initial complaint, those claims are, in each instance, time-barred.

Accordingly, to the extent Combined seeks dismissal of Davis's claims for misrepresentation and fraud, the motion is hereby GRANTED and said causes of action are hereby DISMISSED.

Lastly, Davis's request for leave to amend to add the California Department of Corrections and Rehabilitation ("CDCR") as a defendant is unavailing. Davis seeks such leave on the ground that "CDCR allowed [Combined] to set up a sales center at San Quentin State Prison," thereby "tacitly endors[ing]" Combined's allegedly fraudulent sale, which was made at that facility. (<u>See</u> Opp. at 1:21-23.) For the reasons stated above with respect to Davis's misrepresentation and fraud claims against Combined, any such claim against CDCR likewise would be time-barred.

Accordingly, Davis's request for further leave to amend is hereby DENIED.

**IT IS SO ORDERED.**

Dated: March 7, 2018

MAXINE M. CHESNEY
United States District Judge